IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.   21-CR-59

WAYNE ROBBINS,

        Defendant.

---

## PLEA AGREEMENT

The defendant, WAYNE ROBBINS, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enters into a plea agreement with the terms and conditions as set out below.

### I.    THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to plead guilty to Count 2 of the Indictment which charges a violation of Title 18, United States Code, Section 922(g)(1) (felon in possession of a firearm), for which the maximum possible sentence is a term of imprisonment of 10 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for

1

time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentencing of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.   ELEMENTS AND FACTUAL BASIS

3. The defendant understands the nature of the offenses set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a. That the defendant knowingly possessed a firearm;

   b. That the possession of the firearm was in or affecting interstate commerce;

   c. That at the time the defendant possessed the firearm, the defendant had previously been convicted of a crime punishable by imprisonment for a term exceeding one year; and,

   d. That at the time the defendant possessed the firearm, the defendant knew he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year.

## FACTUAL BASIS

4. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a. On or about September 12, 2020, in the Western District of New York, the defendant, WAYNE ROBBINS, knowing that he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, unlawfully did knowingly possess, in and affecting commerce, a firearm.

b. On September 12, 2020, law enforcement personnel executed a New York State search warrant at 5 Benefield Place, Tonawanda, New York, which law enforcement identified as the defendant's residence. After law enforcement secured the location, law enforcement personnel performed the search of the residence, which is a two-bedroom residence. In one bedroom, officers recovered mail, clothing, and writings, all of which belonged to the defendant. Within this bedroom, law enforcement located a green bag in the corner of the room. Inside the green bag, investigators located a firearm, namely, a Taurus PT 58 SS, .380 caliber handgun, bearing serial number K0G09981, and ammunition, namely, 80 rounds of .556 caliber ammunition, and four rounds of .38 caliber ammunition. In a shoebox under the bed, investigators located a magazine for a .40 caliber handgun and eight rounds of .40 caliber ammunition. Investigators also seized two cell phones, scales, and a small amount of marijuana from the bedroom. Law enforcement confirmed that this was the defendant's bedroom. DNA analysis on this firearm determined that the DNA profile of the defendant could not be excluded from the DNA mixture obtained from the firearms. The DNA results are at least 1,500 times more likely if the DNA profile originated from the defendant and two unknown individuals rather than if the profile originated from three unknown individuals in the United States population. The analysis provides moderate scientific support for the proposition that the defendant is a contributor to the DNA profile obtained from the firearm.

c. Previously, on or about February 14, 2014, in County Court, Erie County, the defendant was convicted of a crime punishable by imprisonment for a term exceeding one year. The defendant admits that, at the time he possessed the above-referenced firearm, he knew of this prior conviction and he knew that the prior conviction was punishable by a term of imprisonment exceeding one year.

d. Neither the State of New York nor any other government authority has restored the rights of the defendant to lawfully possess a firearm.

e. On July 22, 2020, Alcohol, Tobacco, Firearms and Explosives ("ATF") Special Agent William Farnham, who is a certified ATF Firearms Interstate Nexus Expert, examined the firearm, that is, the Taurus PT 58 SS, .380 caliber handgun, bearing serial number K0G09981, and determined the firearm to have been manufactured outside of New York State and therefore traveled in and affected interstate commerce.

### III.     SENTENCING GUIDELINES

5.      The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

#### BASE OFFENSE LEVEL

6.      The government and the defendant agree that Guidelines § 2K2.1(a)(4)(A) applies to the offense of conviction and provides for a base offense level of **20**.

#### ACCEPTANCE OF RESPONSIBILITY

7.      At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility), and further agrees to move the Court to apply the additional one (1) level decrease of Guidelines § 3E1.1(b), which would result in a total offense level of **17**.

#### CRIMINAL HISTORY CATEGORY

8.      It is the understanding of the government and the defendant that the defendant's criminal history category is **III**.  The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the pleas of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

9. It is the understanding of the government and the defendant that with a total offense level of **17** and criminal history category of **III**, the defendant's sentencing range would be a term of imprisonment of **30** to **37** months, a fine of **$10,000** to **$95,000**, and a period of supervised release of **1 to 3** years. Notwithstanding this, the defendant understands that at sentencing, the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

10. The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

11. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

12. In the event that the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV. STATUTE OF LIMITATIONS

13. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. REMOVAL

14. The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI. GOVERNMENT RIGHTS AND RESERVATIONS

15. The defendant understands that the government has reserved the right to:

a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

6

c. advocate for a specific sentence consistent with the terms of this agreement;

e. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and,

f. oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

16. At sentencing, the government will move to dismiss Count 1 of the Indictment pending against the defendant in this matter.

17. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII. APPEAL RIGHTS

18. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 9, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

19. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

20. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 9, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII.  FORFEITURE PROVISIONS

### FEDERAL FORFEITURE

21. The defendant acknowledges that the defendant is the owner and/or exercised dominion and control of the firearms described below and agrees to the immediate entry of a Preliminary Order of Forfeiture pursuant to Title 18, United States Code, Sections 924(d), 3665 and Title 28, United States Code, Section 2461(c) against the following property:

　　a.　One Taurus PT 58 SS, .380 caliber handgun, bearing serial number K0G09981;

　　b.　80 rounds of .556 caliber ammunition;

　　c.　Four rounds of .38 caliber ammunition; and,

　　d.　Eight rounds of .40 caliber ammunition.

22. After the acceptance of the defendant's guilty plea, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary Order of Forfeiture for the items listed above. The defendant hereby waives any right to notice of such Preliminary Order of Forfeiture. The defendant further consents and agrees that the Preliminary Order of Forfeiture and a Final Order of Forfeiture shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

23. The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure, at the time the guilty plea is accepted. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

24. The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the assets. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these

assets in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

### IX.   TOTAL AGREEMENT AND AFFIRMATIONS

25. This plea agreement represents the total agreement between the defendant, WAYNE ROBBINS, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TRINI E. ROSS
United States Attorney
Western District of New York

BY: _____
PIERRE RICHARD ANTOINE
Assistant United States Attorney

Dated: November ___, 2021

I have read this agreement, which consists of pages 1 through 11. I have had a full opportunity to discuss this agreement with my attorney, Paul G. Dell, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my pleas of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
WAYNE ROBBINS
Defendant

_____
PAUL G. DELL, ESQ.
Attorney for the Defendant

Dated: November 30, 2021

Dated: November 30, 2021